Mr. Jim Pledger, Director Department of Finance and Administration P.O. Box 3278 Little Rock, Arkansas 72203
Dear Mr. Pledger:
This is in response to your request for an opinion concerning A.C.A. 19-11-259 (Advance Code Service 1990-1991). Specifically, you pose the following question:
 May a bidder be given Arkansas Preference when he has not been required to pay the Arkansas Gross Receipts Tax or the Arkansas Compensating Tax, all other requirements of the statute, A.C.A. 19-11-259, having been complied with?
Your question refers to the definition of a "firm resident in Arkansas" found at A.C.A. 19-11-259 (a)(3). That statute is found in the Arkansas Purchasing Law and sets out a procedure for the awarding of bids when state agencies need to purchase commodities. The statute gives "firm residents in Arkansas" a preference in certain instances. The definition of a "firm resident in Arkansas" is as follows:
 (3) "Firm resident in Arkansas" shall mean any individual, partnership, association, or corporation, whether domestic or foreign, who:
 (A) Maintains at least one (1) staffed office in this state;
 (B) For not less than two (2) successive years immediately prior to submitting a bid, has paid taxes under the Arkansas Employment Security Act, 11-10-101 et seq., unless exempt therefrom, and either the Arkansas Gross Receipts Act, 26-52-101 et seq., or the Arkansas Compensating Tax Act, 26-53-101 et seq., on any property used or intended to be used for or in connection with the firm's business; and
 (C) Within the two-year period, has paid any taxes to one (1) or more counties, school districts, or municipalities of the State of Arkansas on either real or personal property used or intended to be used or in connection with the firm's business.
You note that a bidder now under consideration has paid the real and personal property taxes on his business for years; but because the company is small, he has paid no employment security taxes or gross receipts or compensating tax. Neither gross receipts nor compensating taxes were paid because his business has only recently begun selling a commodity on which such taxes are levied.
It is my opinion that the bidder in question is not eligible for the "Arkansas preference" granted under 19-11-259.
In order to come within the definition of a "firm resident in Arkansas", one does not necessarily have to pay taxes under the Arkansas Employment Security Act, because the legislature amended the definition in 1989 to include the words "unless exempt therefrom". See Act 477 of 1989 (3rd Ex. Sess.). There was no similar amendment, however, for the payment of taxes under either the Gross Receipts Act or the Compensating Tax Act. The bidder must have paid taxes under one of these acts for two years immediately preceding the submitting of a bid in order to be granted the Arkansas preference. If the legislature had intended to make a similar exception for these taxes, (that is, to exempt bidders to whom the taxes do not apply), it could have easily done so when it amended the law in 1989, but this was not accomplished.
It is thus my opinion that if a bidder has not paid taxes under either the Gross Receipts Act, or the Compensating Tax Act for two successive years immediately prior to submitting a bid, that bidder is not a "firm resident of Arkansas' and is not entitled to the "Arkansas preference" granted in A.C.A. 19-11-259.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb